Lee R. **McNAIR**, Plaintiff-Appellant,

v.

The **HEARST CORPORATION,**
Defendant-Appellee.

No. 71–2839.

United States Court of Appeals,
Ninth Circuit.

April 4, 1974.

Rehearing Denied May 3, 1974.

**1310**

Gerald F. Collier (argued), Seattle, Wash., for plaintiff-appellant.

Daniel J. Riviera (argued), Ashley, Foster, Pepper & Riviera, Seattle, Wash., for defendant-appellee.

Before MERRILL and KOELSCH, Circuit Judges, and JAMESON,* District Judge.

## OPINION

MERRILL, Circuit Judge:

This appeal is taken from a grant of summary judgment in favor of the ap-

pellee in a libel suit brought by appellant with jurisdiction founded on diversity of citizenship. Upon this appeal the question is whether issues of fact remained for resolution at trial. In our judgment they did. Accordingly, summary judgment was premature.

In its July 28, 1970, issue the Seattle Post-Intelligencer carrier a news article on its front page, the headline and first two paragraphs of which read:

"THE HIGH COST OF A
DIVORCE

Five years ago, Barbara Evans hired a lawyer to represent her in a divorce action.

Today the lawyer owns the home, worth between $55,000 and $65,000, which Mrs. Evans received as part of the 1966 divorce settlement * * *."

A reasonable reader might well have read this portion of the article as stating that Barbara Evans had, as the hire of a divorce lawyer, parted with property worth to her between $55,000 and $65,000. This was not the fact. Appellant is the lawyer about whom the article was written. He had acted for an agreed fee of $3,000. The wife's loss of her property was due not to the cupidity of her attorney but the failure of her divorced husband to meet his financial obligations to her. All this would have appeared to the reader had he read the article through to its conclusion. It continued on from the quoted portion for about fifty more paragraphs and on three different pages of the newspaper.[1] Appellant was not mentioned in the first nine paragraphs nor on the first page at all. However, his name was given and repeated twenty-six times throughout

---

\* Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

1. From the newspaper account it appears that in 1965 appellant represented one Barbara Hughbanks in an action for divorce for an agreed fee of $3,000. The divorce was granted. The settlement gave the wife the couple's equity in their home. The home

had been purchased three years earlier for $56,500. It had a balance due in the sum of $32,000, covered by a first mortgage together with an additional approximately $8,000 owing and secured by second and third mortgages. Under the divorce decree the husband was to pay off the second and third mortgages while the wife was to be responsible for the first mortgage. The decree also directed that the husband pay one half

the balance of the article. Regarding the article as defamatory he brought this suit for libel.

■ Summary judgment for appellee was based on the proposition that the article read in its entirety was actually true. In our judgment this does not suffice. Under Washington law whether an article is true will depend on what it is read to say—on how it would ordinarily be understood by persons reading it. Tilton v. Cowles Publishing Company, 76 Wash.2d 707, 459 P.2d 8, 18 (1969). The question here, as we view it, is whether the article as a whole can be said effectively to have eliminated the impact of any false impression created at the outset. In our judgment this question cannot here be answered as matter of law and remains a question for the jury.[2]

Appellee contends that even so, the subject-matter of the article—divorce and its cost—is a matter of general public concern, and, under Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971), the publication must have been with actual malice if liability is to follow. Appellee contends that the record is wholly devoid of evidence of malice. We cannot agree.

■■ The question as we view it is whether appellee, knowing of the falsity of the impression the headline and first two paragraphs would make upon the reader, actually intended that the article should leave that impression. In our

judgment an inference to this effect is available to the jury. After all, what a newspaper regards as newsworthy usually makes its appearance in the headline and lead paragraph. This is what is intended to compel the reader's attention. A jury, we feel, might well conclude that this was the impression that appellee intended should prevail.

Reversed and remanded for further proceedings.

($1,500) of appellant's fee for representing the wife. The husband made no payment on the second or third mortgages, nor did he pay any part of appellant's fee. Shortly after the divorce the holders of the second and third mortgages brought suit to foreclose. The following year Mrs. Hughbanks remarried. On her wedding day she gave a further mortgage on the home to appellant as security for the unpaid balance of counsel fees ($2,768.28), and deeded the fee to her new husband. Later that year the home was sold at sheriff's sale to the holder of the second and third mortgages for the amount of foreclosure judgment; $7,286.33. The wife and her new husband filed a homestead on the property which gave them the right to occupy the house during the one-

year redemption period. Appellant then, as holder of a fourth mortgage, redeemed the property for the purchase price, plus interest, and in January, 1969, received a deed to the property still subject to a first mortgage in the sum of approximately $31,000.

2. Here the record even suggests a negative answer to this jury question. In deposition the publisher of the Seattle Post-Intelligencer testified that he had read the article some time ago (prior to the deposition date) and as he recalled the article what struck him as unusual was that it involved a "pretty hefty fee" for a divorce, "something like $65,000." It was, then (in the memory of this witness at least), the false impression that prevailed over the truth.